a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| CHAD EVERETT JONES #465170, Petitioner | CIVIL DOCKET NO. 1:25-CV-00542 SEC P |
| VERSUS | JUDGE EDWARDS |
| JEFF LANDRY ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Chad Everett Jones ("Jones"). ECF No. 1. Jones is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his conviction and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish, Louisiana.

Because Jones's Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

## I.   Background

Jones was convicted by a non-unanimous jury of aggravated rape and aggravated burglary. He was sentenced to life imprisonment. *State v. Jones*, 2011-429 (La.App. 3 Cir. 11/2/11). The Louisiana Court of Appeal for the Third Circuit affirmed Jones's conviction, and the Louisiana Supreme Court denied writs. *State ex rel. Jones v. State*, 2011-2828 (La. 8/22/12); 97 So.3d 354.

Jones alleges that he filed an application for post-conviction relief on July 11, 2013, alleging ineffective assistance of counsel. The application was reportedly denied on August 13, 2013. ECF No. 1 at 3-4.

Jones asserts that he filed a second application for post-conviction relief on April 29, 2020, seeking retroactive application of *Ramos v. Louisiana,* 140 S. Ct. 1390, 1407 (2020), which recognized that Constitution requires jury unanimity in criminal convictions. ECF No. 1 at 26. The trial court stayed the application pending a ruling in *Edwards v. Vannoy*, 141 S. Ct. 1547, 1562 (2021), and *State v. Reddick*, 2021-10893, p. 7 (La. 10/21/22); 351 So.3d 273, 278, as to whether *Ramos* applied retroactively. After both *Edwards* and *Reddick* held that *Ramos* did not apply retroactively on collateral review, the trial court lifted the stay and denied the application. ECF No. 1-2 at 20.

Jones sought supervisory review in the court of appeal. The writ was denied because the second post-conviction application had been untimely filed. ECF No. 1-2 at 22-23. The Louisiana Supreme Court also denied writs. *State v. Jones*, 2023-01701, p. 1 (La. 4/23/24); 383 So.3d 575.

In his § 2254 Petition, Jones claims that his conviction is unlawful because he was not convicted by a unanimous jury.

## II.    Law and Analysis

### A.    Rule 4 of the Rules Governing § 2254 Cases applies to Jones's Petition.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).   This is such a pleading.

      B.    <u>Jones's Petition is untimely.</u>

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court.  The limitations period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).  However, any lapse of time before the proper filing of an application for

post-conviction relief is counted against the one-year limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)). Federal courts may raise the statute of limitations *sua sponte. See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Jones does not allege any new factual predicate or state-created impediment, so § 2244(d)(1)(B) and (D) are not applicable. And § 2244(d)(1)(C) is also inapplicable because *Ramos* does not apply retroactively on collateral review. *See Edwards*, 141 S. Ct. at 1562; *Reddick*, 351 So.3d at 283. Therefore, under § 2244(d)(1)(A), the one year limitations period began on November 20, 2012, when the time for seeking further review in the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13; *see also* 28 U.S.C. § 1257.

Jones filed a timely application for post-conviction relief on July 11, 2013, after 233 days of the one-year limitations period had passed. Under § 2244(d)(2), he is entitled to toll the limitations period during the pendency of the post-conviction proceeding, which concluded on August 13, 2013. ECF No. 1 at 3-4. The limitations period resumed with 132 days remaining, and expired on December 23, 2013. Jones's Petition was not filed until April of 2025, well after the limitations period expired.

Although Jones filed a second post-conviction application on April 29, 2020, the AEDPA limitations period had already expired. Furthermore, the second application was not "properly filed" because it was untimely. *See Villegas*, 184 F.3d at 469. Therefore, the second, untimely post-conviction application has no effect on the statute of limitations.

4

C.    <u>Jones is not entitled to equitable tolling.</u>

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, none exist in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). A petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Jones provides no extraordinary circumstance that prevented him from timely filing a habeas petition.

D.    <u>Jones's Petition is meritless.</u>

Even if Jones's Petition was considered timely, his claim is meritless. At the time of Jones's conviction, jury unanimity was not required. *See* La. Const. Ann. art. I, § 17 (for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor, ten jurors must concur; for an offense committed on or after January 1, 2019, the verdict must be unanimous). And as noted above, although the United States Supreme Court held in *Ramos* that unanimity in

state court jury verdicts is required under Sixth Amendment, the rule does not apply retroactively on federal collateral review.  *See Edwards*, 141 S. Ct. at 1562; *Reddick*, 351 So.3d at 283.   Therefore, Jones's Petition would fail on the merits.

## III.  <u>Conclusion</u>

Because Jones's Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on

whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

      SIGNED on Tuesday, June 10, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE